```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

-------------------------------x
                               :
JEREMY A. B.                   :     Civ. No. 3:20CV01221(SALM)
                               :
v.                             :
                               :
KILOLO KIJAKAZI,               :
ACTING COMMISSIONER, SOCIAL    :
SECURITY ADMINISTRATION¹       :
                               :     August 2, 2021
-------------------------------x
```

**ORDER APPROVING STIPULATION FOR ALLOWANCE OF FEES UNDER THE
EQUAL ACCESS TO JUSTICE ACT [Doc. #26]**

Plaintiff Jeremy A. B. ("plaintiff") filed concurrent applications for Supplemental Security Income and Disability Insurance Benefits on February 2, 2018, and February 5, 2018, alleging disability beginning January 1, 2018. See Certified Transcript of the Administrative Record, Doc. #16, compiled on December 21, 2020, (hereinafter "Tr.") at 227-39. Plaintiff's applications were denied initially on April 5, 2018, see Tr. 125-32, and upon reconsideration on May 29, 2018. See Tr. 137-43.

On April 5, 2019, plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Michael McKenna. See generally Tr. 33-38. That hearing was continued so that plaintiff could

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of the Social Security Administration on July 9, 2021. She is now the proper defendant. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g). The Clerk of the Court is directed to update the docket accordingly.

1

obtain legal representation. See generally id. On July 10, 2019, plaintiff, represented by Attorney Ivan A. Ramos, appeared and testified at a hearing before ALJ McKenna. See generally Tr. 40-77. On August 27, 2019, the ALJ issued an unfavorable decision. See Tr. 7-26. On July 9, 2020, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's August 27, 2019, decision the final decision of the Commissioner. See Tr. 1-6. Plaintiff, represented by Attorney Ramos, timely appealed that decision to this Court on August 20, 2020. [Doc. #1]. The parties consented to the jurisdiction of the undersigned on September 8, 2020. See Doc. #10.

On December 30, 2020, the Commissioner (hereinafter the "defendant" or the "Commissioner") filed the official transcript. [Doc. #16]. On March 1, 2021, plaintiff filed a Motion to Reverse the Decision of the Commissioner. [Doc. #18]. On April 23, 2021, defendant filed a Consent Motion to Remand to Agency Under Sentence Four of 42 U.S.C. §405(g) [Doc. #22], which the Court granted on April 26, 2021. [Doc. #23]. Judgment entered for plaintiff on that same date. [Doc. #25].

On July 15, 2021, the parties filed a Joint Stipulation for Attorney Fees under the Equal Access to Justice Act ("EAJA") agreeing that the Commissioner should pay fees in the amount of $6,605.10 (hereinafter the "Joint Stipulation"). [Doc. #26]. Attached to the Joint Stipulation is an "Invoice" detailing the

2

number of hours spent litigating the case on behalf of plaintiff. [Doc. #26-1]. On July 15, 2021, the Court entered an Order requiring plaintiff's counsel to file a Notice on the docket clarifying the entries provided on the "Invoice" as it "is unclear from that document whether all hours reported are for time expended by an attorney, or whether some entries may reflect time expended by non-attorney staff." Doc. #27. On July 20, 2021, counsel for plaintiff filed a Notice Clarifying Stipulation for EAJA Fees. [Doc. #28].

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review plaintiff's counsel's "Invoice" and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and internal quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed

stipulation"). The Court therefore has reviewed the itemization of hours incurred by plaintiff's counsel to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Joint stipulation [**Doc. #26**], for the stipulated amount of **$6,605.10**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

As plaintiff's counsel has now clarified, the "Invoice" attached to the Joint Stipulation reflects hours billed by plaintiff's counsel and his paralegal, for the total amount of

$6,605.10. See Docs. #26-1, #28. Plaintiff's counsel further clarifies:

> The invoice contains a total of 31.4 hours for work performed by Attorney Iván A. Ramos, billed at $204 per hour(shown in the invoice as "Ivan"), and 2.1 hours of time billed for Jessica Smith, a paralegal, at $95 per hour(shown in the invoice as "Jessica"). The amount billed for attorney Ramos' work is $6,405.60 (31.4 hrs. x $204), and the amount billed for paralegal Smith is $199.50 (2.1 hrs. x $95), for a total of $6,605.10 in EAJA Fees.

Doc. #28 at 1. Defendant has agreed to pay the total of $6,405.60 in fees claimed by plaintiff. See Doc. #26 at 1. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[2] This Court has a duty to review plaintiff's itemized "Invoice" to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No.

---

[2] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

5

3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[3] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 31.4 hours of attorney time, and 2.1 hours of paralegal time. See Doc. #28. The administrative transcript in this case was

---

[3] Plaintiff's motion is timely as it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). Thus, in this case, the 30-day EAJA clock began to run on June 25, 2021, 60 days after judgment for plaintiff entered. The parties timely filed the Joint Stipulation on July 15, 2021. See Doc. #26.

6

comprised of a substantial 811 pages and plaintiff's counsel submitted a thorough and well-reasoned brief, which primarily addressed the application of recently amended Regulations. See generally Doc. #18-1. The Court finds the attorney time reasonable for the work claimed, including: review of the administrative transcript [Doc. #16]; preparation of the motion to reverse and supporting memorandum [Doc. #18]; and preparation of the statement of material facts [Doc. #19]. Cf. Rodriguez v. Astrue, No. 08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014). The Court further finds that the 31.4 hours claimed in attorney time is reasonable as "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotation marks omitted); Cobb v.

Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).

With respect to the paralegal time claimed, the Court finds that the 2.1 hours billed, at a rate of $95.00 per hour, is reasonable for the work claimed. See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 590 (2008) ("[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates."); see also Kiely v. Astrue, No. 3:10CV01079(MRK)(WIG), 2012 WL 3727164, at *2 (D. Conn. Mar. 30, 2012) ("Based on its review of the relevant cases, taking particular note of the age of the decision, as well as its familiarity with customary rates charged in this District, the Court finds that a rate of $100/hour is reasonable for paralegal work performed on a case in which fees are to be awarded under the EAJA.").

Accordingly, the Court finds that the stipulated time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of **$6,605.10** in fees is appropriate.

Thus, for the reasons stated, the Court **APPROVES and SO ORDERS** the parties' Joint Stipulation [**Doc. #26**], for the stipulated amount of **$6,605.10.**

SO ORDERED at New Haven, Connecticut this 2nd day of August, 2021

```
                    /s/
        Hon. Sarah A. L. Merriam
        United States Magistrate Judge
```