```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
JEREMY A. B.                  :   Civ. No. 3:20CV01221(SALM)
                              :
v.                            :
                              :
KILOLO KIJAKAZI,              :
ACTING COMMISSIONER, SOCIAL   :
SECURITY ADMINISTRATION       :
                              :   September 12, 2022
------------------------------x
```

**RULING ON MOTION FOR APPROVAL OF
42 U.S.C. §406(b) ATTORNEY'S FEES [Doc. #35]**

Plaintiff's counsel Attorney Ivan A. Ramos ("counsel") has filed a motion for attorney's fees pursuant to 42 U.S.C. §406(b), seeking an award of fees in the amount of $10,057.63. See Doc. #35 at 1. Defendant Commissioner of Social Security Administration ("defendant" or "Commissioner") has filed a response to the motion. See Doc. #36. For the reasons set forth below, the Motion for Approval of 42 U.S.C. §406(b) Attorney's Fees [**Doc. #35**] is **GRANTED**, in the total amount of **$10,057.63**.

**The award of $10,057.63 supersedes and replaces the $6,605.10 in attorney's fees previously awarded by the Court on August 2, 2021. See Doc. #29.**

**A.   Background**

Plaintiff Jeremy A. B. ("plaintiff") filed concurrent applications for Supplemental Security Income ("SSI") and Child Disability Insurance Benefits on February 2, 2018, and February

1

5, 2018. See Certified Transcript of the Administrative Record, Doc. #16, compiled on December 21, 2020, (hereinafter "Tr.") at 227-39. A hearing was held before an Administrative Law Judge ("ALJ"); the ALJ issued an unfavorable ruling on August 27, 2019. See Tr. 7-26. After exhausting his administrative remedies, plaintiff, through counsel, filed the Complaint in this case on August 20, 2020. See Doc. #1. On December 30, 2020, the Commissioner filed the official transcript. [Doc. #16]. On March 1, 2021, plaintiff filed a Motion to Reverse the Decision of the Commissioner. [Doc. #18]. On April 23, 2021, defendant filed a Consent Motion to Remand to Agency Under Sentence Four of 42 U.S.C. §405(g) [Doc. #22], which the Court granted on April 26, 2021. [Doc. #23]. Judgment entered for plaintiff on that same date. [Doc. #25].

On July 15, 2021, the parties filed a Joint Stipulation for Attorney Fees under the Equal Access to Justice Act ("EAJA") agreeing that the Commissioner should pay fees in the amount of $6,605.10 (hereinafter the "Joint Stipulation"). [Doc. #26].[1] On

---

[1] The parties attached to the Joint Stipulation an "Invoice" detailing the number of hours spent litigating the case on behalf of plaintiff. See Doc. #26-1. On July 15, 2021, the Court entered an Order requiring plaintiff's counsel to file a Notice on the docket clarifying the entries provided on the "Invoice" because it was "unclear from that document whether all hours reported are for time expended by an attorney, or whether some entries may reflect time expended by non-attorney staff." Doc. #27. On July 20, 2021, counsel filed a "Notice Clarifying

2

August 2, 2021, the Court approved and so ordered the Joint Stipulation for the stipulated amount of $6,605.10. See Doc. #26.

Counsel represents that following remand, the ALJ issued a fully favorable decision for plaintiff. See Doc. #35-1 at 3-4; see also Doc. #35-4. On June 30, 2022, counsel received a Notice of Award letter dated June 27, 2022, which did not include a calculation of plaintiff's past-due benefits. See Doc. #35-1 at 4; see also Doc. #35-5. The letter stated:

> When a representative wants to charge for helping with a Social Security claim, we must approve the fee. We usually withhold 25 percent of past-due benefits in order to pay the approved representative's fee. We withheld $6,000.00 from your benefits in case we need to pay the representative.
>
> We cannot tell you how much the representative can charge at this time. When processing your claim we found we needed more information.
>
> When we get that information, we will decide the amount of your past-due benefits and send another letter telling you how much the representative can charge.

Doc. #35-5 at 3.

Because the SSA did not calculate plaintiff's total past-due benefits, on July 11, 2022, counsel filed a motion to toll the fourteen day deadline for filing a motion for attorney's fees pursuant to 42 U.S.C. §406(b). See Doc. #30. On July 14,

---

Stipulation for EAJA Fees[,]" delineating the hours respectively incurred by counsel and his paralegal. Doc. #28 at 1.

2022, the Court granted that motion, and ordered counsel to "file his motion for Section 406(b) attorney's fees within **fourteen days** of receiving the notice of the amount of the past-due benefits award to plaintiff." Doc. #34.

Counsel represents that on August 16, 2020, he received a second Notice of Award letter dated August 11, 2022, which found plaintiff was due $40,230.50 in past-due SSI benefits. See Doc. #35-1 at 4; see also Doc. #35-6. Attached to the motion for attorney's fees is a copy of a letter dated August 11, 2022, which had been sent to plaintiff. See Doc. #35-6. This "Notice of Award letter did not advise what amount the agency withheld to pay any attorney fee." Doc. #36; see also Doc. #35-6.

Counsel now seeks an award of $10,057.63 in attorney's fees pursuant to 42 U.S.C. §406(b), and in accordance with the retainer agreement executed by plaintiff on August 20, 2020. See Doc. #35-2. The Commissioner has filed a response to the motion representing that: the "motion appears timely filed[,]" Doc. #36 at 2; counsel's requested fee "is in line with the contingency-fee agreement between Plaintiff and Plaintiff's counsel[,]" id. at 4; and the Commissioner "is aware of no fraud or overreaching." Id. "The Commissioner, in her limited role as quasi-trustee, respectfully requests that the Court determine the timeliness and reasonableness of" counsel's motion for attorney's fees. Id. at 6.

4

**B.     Legal Standard**

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. §406(b)(1)(A); see also Rodriguez v. Colvin, 318 F. Supp. 3d 653, 657 (S.D.N.Y. 2018). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking

5

the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: "(1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" Sama v. Colvin, No. 3:10CV01268(VLB)(TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

The third factor, which requires the Court to consider whether there has been a windfall to the attorney, has recently been clarified by the Second Circuit. See Fields v. Kijakazi, 24 F.4th 845, 854 (2d Cir. 2022) ("We today wish to make clear that the windfall factor does not constitute a way of reintroducing the lodestar method and, in doing so, to indicate the limits of the windfall factor."). When analyzing this third factor, the Court should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less

6

specialized or less well-trained lawyers might take far longer to do[,]" id.; (2) "the nature and length of the professional relationship with the claimant — including any representation at the agency level[,]" id. at 855; (3) "the satisfaction of the disabled claimant[,]" id.; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id.

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly[,]" Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), and is appropriate only "when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

**C.   Discussion**

Counsel seeks, "pursuant to the agreement for legal services between Plaintiff and his counsel," $10,057.63 in legal fees, "which represents 25% of the past due benefits awarded to the plaintiff in this case." Doc. #35-1 at 4-5; see also Doc. #35-2. Considering the representations of counsel and defendant, and the factors recited in Sama and Fields, the requested fee of **$10,057.63** is reasonable.

First, there is no evidence that the requested fee is out of line with the "character of the representation and the results the representation achieved." Sama, 2014 WL 2921661, at *2. Counsel achieved a favorable result for plaintiff by securing a Sentence Four remand to the administrative level. See Doc. #35-1 at 3. Plaintiff thereafter obtained an award of past-due benefits, which likely would not have been possible without counsel's efforts at the District Court level. See id. at 3-4.

Second, there is nothing to suggest that counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase his fee.

Third, the Court considers whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Sama, 2014 2921661, at *2 (quotation marks omitted). Counsel and his paralegal spent a total of 35.50 hours working on this case at the District Court level. See Doc. #35-3; see also Doc. #28.[2] Using the hours incurred only by counsel, the fee requested pursuant to 406(b) - $10,057.63 - translates to an hourly rate of $320.30, which is still significantly lower than other section 406(b) fee awards that have been approved in this Circuit. See, e.g., Sama, 2014 WL 2921661, at *4 (approving

---

[2] In connection with the EAJA fee application, counsel represented that he incurred 31.4 hours on this matter, and his paralegal incurred 2.1 hours. See Doc. #28 at 1.

8

section 406(b) fee award at an effective hourly rate of $785.30); Joslyn, 389 F. Supp. 2d at 455-57 (approving section 406(b) fee award at an effective hourly rate of $891.61). The Court finds that the fee requested pursuant to section 406(b) is reasonable and would not be a windfall to counsel. A consideration of the factors set forth in Fields does not change this conclusion. See Fields, 24 F.4th at 854-55.

As acknowledged by counsel, he must return to plaintiff the $6,605.10 previously awarded by the Court under the EAJA. See Doc. #35-1 at 10; Gisbrecht, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under §406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." (citation and internal quotation marks omitted)).

D.  **Conclusion**

For the reasons set forth herein, the Motion for Approval of 42 U.S.C. §406(b) Attorney's Fees [**Doc. #35**] is **GRANTED**, in the total amount of **$10,057.63**.

**The award of $10,057.63 supersedes and replaces the $6,605.10 in attorney's fees previously awarded by the Court on August 2, 2021. See Doc. #29.**

Upon receipt of the amended award, Attorney Ramos is ordered to refund to plaintiff the amount of **$6,605.10,** and to thereafter file a certification on the docket that he has done so.

It is so ordered at Bridgeport, Connecticut this 12th day of September, 2022.

                                         /s/
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES DISTRICT JUDGE